IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| OCTAVIO DOMINGUEZ RUIZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:17-CV-118-Z |
| § | |
| STEVE N. HALL, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff Octavio Dominguez Ruiz, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, Section 1983 against the above-referenced Defendant. The Court granted Plaintiff permission to proceed *in forma pauperis*. Plaintiff has now been released from custody. For the following reasons, Plaintiff's Civil Rights Complaint (ECF No. 3) is DISMISSED.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992).

a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## PLAINTIFF'S CLAIMS

By his Complaint, Plaintiff alleges Defendant Hall is a licensed private attorney, who was paid to represent the Plaintiff in a criminal matter and did not remain in communication with the Plaintiff during the proceedings. As a result, Plaintiff sought a refund of the retainer and was only given a partial refund by Defendant ($2500 of the $3500 was returned). Plaintiff seeks reimbursement of the remaining legal fees paid and punitive damages.

## ANALYSIS

The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961). Private people may not be sued since they do not act under color of state law. *Id.* Defense attorneys are private citizens and are not state actors within the meaning of 42 U.S.C. § 1983.

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

*Briscoe v. LaHue*, 460 U.S. 328, 329 n.6 (1983). In the present case, Defendant is a private individual and cannot be the object of a civil rights lawsuit. Plaintiff's claims against Defendant fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. Plaintiff asserts that the Court can exercise supplemental jurisdiction over a state law contract dispute on the basis of the civil rights claim; however, Plaintiff has not stated a claim for a civil rights violation and the Court cannot therefore exercise supplemental jurisdiction.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is ORDERED that the Civil Rights Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be DISMISSED with prejudice as frivolous.

**SO ORDERED.**

July 27, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE